Regina GOSNELL, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security Administration,
Defendant—Appellee.

No. 11–1831.

United States Court of Appeals,
Fourth Circuit.

Submitted: Feb. 22, 2012.

Decided: Feb. 28, 2012.

Paul T. McChesney, Spartanburg, South
Carolina, for Appellant. William N. Net-
tles, United States Attorney, Marshall
Prince, Assistant United States Attorney,
Columbia, South Carolina; Debra J. Mea-
chum, Special Assistant United States At-
torney, Denver, Colorado; John Jay Lee,
Regional Chief Counsel, Social Security
Administration, Denver, Colorado, for Ap-
pellee.

Before WILKINSON, SHEDD, and
DAVIS, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Regina Gosnell appeals that district
court's order denying her motion for the
award of attorneys' fees pursuant to the
Equal Access to Justice Act ("EAJA"), 28
U.S.C.A. § 2412(d) (West 2006 & Supp.
2011). Gosnell moved for fees after she
prevailed on one of her three claims chal-
lenging an administrative law judge's deni-
al of her application for Social Security
disability benefits. On appeal, Gosnell
claims that the district court failed to suffi-
ciently explain its determination that the
Commissioner's defense of her claims was
substantially justified and requests re-
mand to the district court with directions
to further explain its denial of fees. We
affirm.

The EAJA provides that "a court shall
award to a prevailing party other than the
United States fees and other expenses ...
incurred by that party" in certain varieties
of civil litigation "unless the court finds
that the position of the United States" in
such litigation "was substantially justified
or that special circumstances make an
award unjust." 28 U.S.C.A.
§ 2412(d)(1)(A). Whether a position was
adequately justified turns on whether "a
reasonable person" could find it to have "a
reasonable basis in law and fact." *Cody v.
Caterisano*, 631 F.3d 136, 141 (4th Cir.
2011) (internal quotation marks omitted).

When denying a motion for EAJA fees,
a district court should explain the reason-
ing supporting its finding of substantial
justification. *Id.* at 144–45. Where the
court wholly fails to do so, remand for
further explanation is appropriate. *Id.*
Although a district court is not required to
"perform a certain kind of analysis, recite
certain magic words, or follow a particular
formula," the record must be sufficient to
allow the appellate court to determine
whether the district court abused its dis-
cretion. *Id.* at 141–45.

Here, the record, containing the parties'
briefs, the district court's orders and opin-
ions, and the district court's determination,
based on the proper "substantial justifica-
tion" standard, that the Commissioner's

position was justified and well-briefed, is adequate to allow review of the district court's denial of EAJA fees. Furthermore, the record indicates that the district court appropriately considered the merits of the Commissioner's defense of each of Gosnell's claims and applied the appropriate legal standard when denying her motion for fees. *See Cody*, 631 F.3d at 144–45.

Because we are able to adequately discern the rationale supporting the district court's denial of EAJA fees, we deny Gosnell's request to remand the case, and affirm the judgment below.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Tony J. Bacon appeals the district court's order denying his motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See United States v. Bacon*, No. 3:04–cr–00012–NKM–1 (W.D.Va. Nov. 14, 2011). We grant Bacon's motion to proceed under the Criminal Justice Act. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* Gosnell does not argue in her opening brief that the district court's denial of fees constitutes an abuse of discretion. Therefore, this claim is not before us. *See United States v.* *Al–Hamdi*; 356 F.3d 564, 571 n. 8 (4th Cir. 2004) (noting claims not raised in opening brief are abandoned).